UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

        Plaintiff,

      v.

SAFEPLACE, a Washington State nonprofit
corporation; ESMERALDA TRIPLETT; &
JOIWYN REPCIK,

        Defendants.

) NO.
)
) COMPLAINT
)
) DECLARATORY RELIEF
) 28 U.S.C. § 2201
)
)
)
)
)
)
)
)

COMES NOW the Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), by and through its attorneys of record, Gordon & Polscer, L.L.C., and as a Complaint against Defendants states as follows:

**The Parties**

1.

Plaintiff Philadelphia is a company organized under the laws of the State of Pennsylvania, with its principal place of business in Pennsylvania.

2.

Upon information and belief, Defendant SafePlace ("SafePlace") is a Washington nonprofit corporation with its principal place of business in Washington.

COMPLAINT FOR DECLARATORY RELIEF - 1

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

3.

Upon information and belief, Defendant Esmeralda Triplett ("Triplett") is a Washington resident and citizen.

4.

Upon information and belief, Defendant Joiwyn Repcik ("Repcik") is a Washington resident and citizen.

**Jurisdiction and Venue**

5.

Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 given the diversity of citizenship of the parties and because the amount in controversy exceeds the statutory minimum of $75,000 in 28 U.S.C. § 1332.

6.

Venue is proper under 28 U.S.C. § 1391 because Triplett and Repcik reside in the State of Washington and a substantial part of the claim's events occurred in Thurston County, Washington.

**The Insurance Policies**

7.

Philadelphia issued to SafePlace a Commercial Lines Policy No. PHPK2517573, effective February 9, 2023 to February 9, 2024 and renewed through, at least, the February 9, 2025 to February 9, 2026 policy period (hereinafter, "Package Policy"). A certified copy of the February 9, 2023 to February 9, 2024 Package Policy is attached hereto as **Exhibit 1**.

8.

Philadelphia issued to SafePlace a Commercial Lines Policy No. PHSD1825664 with an effective period of September 18, 2023 to February 9, 2025 and renewed through, at least, the February 9, 2025 to February 9, 2026 policy period (hereinafter, "FlexiPlus Five Policy"). A

COMPLAINT FOR DECLARATORY RELIEF - 2

certified copy of the September 18, 2023 to February 9, 2025 FlexiPlus Five Policy is attached hereto as **Exhibit 2.**

9.

Copies of renewal policies appear to be identical to the policies attached as Exhibit 1 and Exhibit 2 for all material purposes.

**The Triplett Claim**

10.

On January 15, 2024, Hannah E. Driscoll, the attorney representing Triplett, a former employee of SafePlace, sent a letter via email to SafePlace, alleging violations of the Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964 and making a "formal demand for compensation in lieu of filing suit against SafePlace" (the "Triplett Claim"). **Exhibit 3**, Jan. 15, 2024 letter from Hannah E. Driscoll to SafePlace.  This 15-page letter put SafePlace on notice of Triplette's claim as of its emailing date of January 15, 2024.

11.

Thereafter, on February 14, 2024, SafePlace's attorney, Edward Earl Younglove, III, sent a letter to Triplett's attorney, Hannah E. Driscoll, thanking her for extending the time in which SafePlace could respond to the Triplett Claim against SafePlace. **Exhibit 4**, Feb 14, 2024 letter from Edward Earl Younglove, III to Hannah E. Driscoll.

12.

On or about April 4, 2024, Triplett filed Charge No. 551-2024-01271 with the United States Equal Employment Opportunity Commission ("EEOC"). **Exhibit 5**, Charge of Discrimination.

13.

On April 12, 2024, the EEOC sent a Notice of Charge of Discrimination filed by Triplett to SafePlace. **Exhibit 6**, Notice of Charge of Discrimination.

///

COMPLAINT FOR DECLARATORY RELIEF - 3

14.

On June 13, 2024, Triplett's attorney, Ada Wong, sent (a) a letter to SafePlace requesting a copy of Triplett's personnel file and (b) a letter to SafePlace informing it of its duty to preserve evidence. **Exhibit 7**, June 13, 2024 letters from Ada K. Wong to SafePlace.

15.

On June 16, 2025, Triplett received a Notice of Right to Sue from the EEOC, authorizing her to "file a lawsuit against the respondent(s) on this charge under federal law in federal or state court" within 90 days. **Exhibit 9**, June 16, 2025 Determination and Notice of Rights.

16.

Triplett filed a lawsuit in the Western District of Washington, Case no. 3:25-cv-05635-SKV ("the Triplett Lawsuit") against SafePlace on or about July 21, 2025, asserting claims for retaliation, discrimination, wrongful discharge, negligence, respondeat superior, intentional infliction of emotional distress and negligent infliction of emotional distress related to various incidents which allegedly occurred at SafePlace beginning in or around April 2023 and continuing through Triplett's discharge from employment on or about January 17, 2024. **Exhibit 10**, Triplett Complaint.

17.

On July 24, 2025, a process server served the Summons and Triplett Lawsuit on Edward Younglove, SafePlace's registered agent. **Exhibit 11**, Proof of Service.

18.

On July 30, 2025, SafePlace provided first notice of the Triplett Claim to Philadelphia. **Exhibit 12**, July 30, 2025, email from Ed Younglove to Philadelphia.

19.

SafePlace tendered the Triplett Claim to Philadelphia for defense and indemnity. Philadelphia is currently defending SafePlace against the Triplett Claim, subject to a complete reservation of rights, under the Stop-Gap Liability Coverage included within the Package Policy.

COMPLAINT FOR DECLARATORY RELIEF - 4

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

20.

A present and actual controversy exists regarding Philadelphia's obligations to SafePlace under the Package Policy and the FlexiPlus Five Policy with respect to the Triplett Claim. For the reasons set forth and explained below, Philadelphia seeks a declaration confirming it does not have any defense or indemnity obligation for the Triplett Claim or, alternatively, if the Court finds that Philadelphia does have a defense obligation with respect to the Triplett Claim, then Philadelphia seeks a declaration that the defense obligation and any associated indemnity obligation are limited consistent with the terms of the Package Policy or the FlexiPlus Five Policy as further set forth below.

**The Repcik Claim**

21.

On February 5, 2024, Hannah E. Driscoll, the attorney representing Repcik, a former employee of SafePlace, sent a Demand and Preservation Letter via email to SafePlace and its attorneys, alleging violations of the Washington Law Against Discrimination and Title VII of the Civil Rights Act of 1964 (the "Repcik Claim"). **Exhibit 13**, Feb. 5, 2024 letter from Hannah E. Driscoll to SafePlace and its attorneys, Lisa Wood and Ed Younglove at Young & Coker, PLLC. This 14-page letter put SafePlace on notice of Repcik's claim as of its emailing date of February 5, 2024.

22.

On May 8, 2024, Repcik filed Charge No. 551-2024-03464 with the United States Equal Employment Opportunity Commission ("EEOC") against SafePlace, alleging discrimination between August 21, 2023, and January 17, 2024. **Exhibit 14**, Charge of Discrimination.

23.

On May 10, 2024, the EEOC sent a Notice of Charge of Discrimination filed by Repcik to one of SafePlace's attorneys, Edward E. Younglove III. **Exhibit 15**, Notice of Charge of Discrimination.

COMPLAINT FOR DECLARATORY RELIEF - 5

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

24.

On September 18, 2025, SafePlace provided first notice of the Repcik Claim to Philadelphia. **Exhibit 16**, September 18, 2025 email from Georgina "Gina" Holland to Philadelphia.

25.

SafePlace tendered the Repcik Claim to Philadelphia for defense and indemnity. Philadelphia is currently defending SafePlace against the Repcik Claim, subject to a complete reservation of rights, under the FlexiPlus Five Policy.

26.

On September 29, 2025, Georgina "Gina" Holland (SafePlace's Human Resources Director) provided a copy of Repcik's EEOC Charge of Discrimination to Gillian Hutton at Philadelphia. **Exhibit 17**, Sept. 29, 2025 email from Georgina "Gina" Holland to Gillian Hutton.

27.

A present and actual controversy exists regarding Philadelphia's obligations to SafePlace under the Package Policy and the FlexiPlus Five Policy with respect to the Repcik Claim. For the reasons set forth and explained below, Philadelphia seeks a declaration confirming it does not have any defense or indemnity obligation for the Repcik Claim or, alternatively, if the Court finds that Philadelphia does have a defense obligation with respect to the Repcik Claim, then Philadelphia seeks a declaration that the defense obligation and any associated indemnity obligation are limited consistent with the terms of the Package Policy or the FlexiPlus Five Policy as further set forth below.

### FIRST CLAIM FOR RELIEF
**Declaratory Judgment – Coverage is Not Available under the Package Policy for the Triplett Lawsuit**

28.

Philadelphia re-alleges Paragraphs 1-27 in support of its First Claim for Relief.

///

COMPLAINT FOR DECLARATORY RELIEF - 6

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

29.

The Package Policy provides, among other coverage parts, Commercial General Liability Coverage ("CGL Coverage"), Stop Gap Liability Coverage and Umbrella Coverage.

30.

The CGL Coverage includes an Employer's Liability Exclusion that states:

**2. Exclusions**

This insurance does not apply to:

…

e. Employer's Liability

"Bodily Injury" to:

(1) An "employee" of the Insured arising out of and in the course of:

(a) Employment by the insured; or

(b) performing duties related to the conduct of the insurance business; or

(2) the spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the Insured under an "insured contract."

Ex. 1, p. 179.

31.

The Employer's Liability Exclusion is modified and supplemented by the Washington Changes endorsement, which states:

Exclusion **e.** of Coverage **A** - Bodily Injury and Property Damage Liability (Section I – Coverages) applies only to "bodily injury" to any "employee" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51). With respect to the "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Exclusion e. is replaced with the following:

COMPLAINT FOR DECLARATORY RELIEF - 7

This insurance does not apply to:
1. "Bodily injury" to an "employee" of the insured arising out of and in the course of:

  a. Employment by the insured; or
  b. Performing duties related to the conduct of the insured's business; or

2. Any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under any "insured contract."

Ex. 1, p. 194.

32.

The CGL Coverage also has an Employment-Related Practices Exclusion, which states:
This insurance does not apply to:

"Bodily injury" to:

1. Any person arising out of any:
  a. Refusal to employ that person; or
  b. Termination of that person's employment; or
  c. Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

2. The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment related practices described in paragraphs a., b. and c. above is directed.

This exclusion applies:

1. Whether the injury-causing the event described in Paragraphs **a.**, **b.** or **c.** above occurs before employment, during employment or after employment of that person;

2. Whether the insured may be liable as an employer or in any other capacity; and

3. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

COMPLAINT FOR DECLARATORY RELIEF - 8

GORDON & POLSCER, L.L.C.
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

However, Paragraphs **1.a.** and **2.** of this exclusion do not apply if such "bodily injury" is sustained by an "employee" of the insured whose employment is subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

Ex., p. 195.

33.

The Stop Gap Liability Coverage states, in part:

SECTION I – COVERAGES

1.  INSURING AGREEMENT

Bodily injury

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury to which this insurance applies. The "bodily injury" must be caused by an occurrence to an employee of the insured. The employee's payroll must have been reported and declared under Workers Compensation Law of a state, territory or possession designated in the Declarations. The employee must have been insured in the course of employment. The employee shall not be entitled to, or must have elected not to accept, Workers Compensation benefits. This insurance applies only to "bodily injury" occurring within the policy territory and caused by:

1.      An accident during the policy period, or

2.   Sickness or disease caused or aggravated by exposure to conditions in the employment of the insured. The last day of the last exposure to such conditions must occur during the policy period….

Ex. 1, p. 321.

34.

The Triplett Lawsuit does not allege "bodily injury," which is defined in the Stop Gap Liability Coverage as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," Ex. 1, p. 325, that was "caused by:  1. An accident occurring during the policy period, or 2. Sickness or disease caused or aggravated by exposure to conditions in the employment of the insured."

///

///

COMPLAINT FOR DECLARATORY RELIEF - 9

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

35.

The Umbrella Liability Coverage provides excess liability coverage which sits above the CGL Coverage. The Stop Gap Liability Coverage is not listed in the Schedule of Underlying Insurance. Ex. 1, pp. 344-346.

36.

The Umbrella Liability Coverage includes "follow form" endorsements providing that the Umbrella Liability Coverage above the CGL Coverage and any Stop Gap Liability Coverage shall be no broader than the underlying coverage, as follows:

> The Commercial General Liability insurance provided will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance unless otherwise directed by this policy, or an endorsement to this policy.

> To the extent that such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

Ex. 1, p. 386.

> This Employers' Liability (Stop Gap) insurance will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance unless otherwise directed by this policy, or an endorsement to this policy.

> To the extent such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

Ex. 1, p. 380.

37.

The Umbrella Liability Coverage also contains its own Employment-Related Practices Exclusion which bars coverage for:

**c.** **Employment Related Practices**

"Bodily injury" or "personal and advertising injury" to:

COMPLAINT FOR DECLARATORY RELIEF - 10

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

**(1)**    A person arising out of any:

    **(a)**    Refusal to employ that person;

    **(b)**    Termination of that person's employment; or

    **(c)**    Employment related practices, policies, acts or omissions such as discrimination, criticism, self-defamation, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or malicious prosecution directed at that person

**(2)**    The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

**(1)**    Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before, during or after employment of that person;

**(2)**    Whether the insured may be liable as an employer or in any other capacity; and

**(3)**    To any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Ex. 1, pp. 353-54.

38.

Accordingly, and for all the reasons set forth above, but without waiving any other arguments under any other policy provisions or other authority, Philadelphia respectfully requests a declaration that no coverage is owed to SafePlace under the Package Policy for the Triplett Lawsuit.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment – Coverage is Not Available under the FlexiPlus Five Policy for the Triplett Lawsuit**

39.

Philadelphia re-alleges Paragraphs 1-27 in support of its Second Claim for Relief.

COMPLAINT FOR DECLARATORY RELIEF - 11

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

40.

The FlexiPlus Five Policy provides that "THIS POLICY IS WRITTEN ON A CLAIMS MADE BASIS AND COVERS ONLY THOSE CLAIMS FIRST MADE DURING THE POLICY PERIOD AND REPORTED IN WRITING TO THE INSURER PURSUANT TO THE TERMS HEREIN." Ex. 2, p. 14.

41.

The FlexiPlus Five Policy's Insuring Agreement for the Employment Practices Liability ("EPL") coverage part provides:

> The **Underwriter** will pay on behalf of the **Insured**, **Loss** from **Claims** made against the **Insured** during the **Policy Period** (or, if applicable, during the Extension Period), and reported to the **Underwriter** pursuant to the terms of this Policy, for an **Employment Practices Act**.

Ex. 2, p. 32.

42.

The FlexiPlus Five Policy defines "**Interrelated Wrongful Act**" to mean "any causally connected **Wrongful Act** or any series of the same, similar or related **Wrongful Acts**." Ex. 2, p. 40.

43.

The FlexiPlus Five Policy provides that:

> In the event that a **Claim** is made against the **Insured** …, the **Insured** shall, as a condition precedent to the obligations of the **Underwriter** under this Policy, give written notice of such **Claim** … to the **Underwriter** as soon as practicable after the Chief Executive Officer, Executive Director, Chief Financial Officer, Chief Operating Officer, General Counsel, Risk Manager, Human Resources Manager or any person in an equivalent position first becomes aware of such **Claim**, but, not later than 90 days after the expiration of this Policy….

Ex. 2, p. 45.

44.

The FlexiPlus Five Policy provides that:

COMPLAINT FOR DECLARATORY RELIEF - 12

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

B. If during this **Policy Period** the Chief Executive Officer, Executive Director, Chief Financial Officer, Chief Operating Officer, General Counsel, Risk Manager, Human Resources Manager or any person in an equivalent position first becomes aware of any circumstances which may subsequently give rise to a **Claim** being made against any **Insured** for a specific alleged **Wrongful Act**, and as soon as practicable thereafter, but before the expiration or cancellation of this Policy, gives written notice to the **Underwriter** of the circumstances and the reasons for anticipating such a **Claim**, with full particulars as to the **Wrongful Act**, dates and persons involved, then any **Claim** which is subsequently made against the **Insured** arising out of such **Wrongful Act** will be considered made during this **Policy Period**.

Ex. 2, p. 45.

45.

The FlexiPlus Five Policy provides that:

C. All loss arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts**, or the same or related **Wrongful Violence Acts**, shall be deemed one loss on account of one claim or one **Workplace Violence Act**. Such **Claim** or **Workplace Violence Act** shall be deemed to be first made or to have first occurred when the earliest of such **Claims** or **Workplace Violence Acts** were first made or first occurred.

Ex. 2, p. 46.

46.

The FlexiPlus Five Policy is a "claims-made-and-reported" policy, meaning that, in order for coverage to apply to a particular claim, that claim must have been first made against the insured during the policy period, and the insured must report that claim to Philadelphia during the same policy period or any extend reporting period. Ex. 2, pp. 32, 45-46.

47.

The Triplett Claim was first made during the September 18, 2023 to February 9, 2025 policy period, but SafePlace did not report it to Philadelphia until the February 9, 2025 to February 9, 2026 policy period.

48.

SafePlace did not report the Triplett Claim to Philadelphia during the same policy period that it was first made, or during any extended reporting period.

COMPLAINT FOR DECLARATORY RELIEF - 13

49.

The FlexiPlus Five Policy provides the following:

### XVIII.    TWO OR MORE COVERAGE PARTS OR POLICIES ISSUED BY THE UNDERWRITER

It is the **Underwriters** stated intention that the various coverage parts or policies issued to the **Parent Organization** by the **Underwriter**, or any affiliated company, do not provide any duplication or overlap of coverage for the same **Claim** or **Workplace Violence Act**. Notwithstanding the other insurance provision, if this Policy and any other policy issued to the **Parent Organization** by the **Underwriter**, or any affiliated company, apply to the same **Wrongful Act**, **Workplace Violence Act**, professional incident, occurrence, offense, accident or **Loss**, then the maximum Limit of Liability under all such policies combined shall not exceed the highest applicable Limit of Liability under any one policy.

Ex. 2, p. 49.

50.

Accordingly, and for all the reasons set forth above, but without waiving any other arguments under any other policy provisions or other authority, Philadelphia respectfully requests a declaration that no coverage is owed to SafePlace under the FlexiPlus Five Policy for the Triplett Lawsuit.

### THIRD CLAIM FOR RELIEF
**Declaratory Judgment – Coverage is Not Available under the Package Policy for the Repcik Claim**

51.

Philadelphia re-alleges Paragraphs 1-27 in support of its Third Claim for Relief.

52.

The Package Policy provides, among other coverage parts, Commercial General Liability Coverage ("CGL Coverage"), Stop Gap Liability Coverage and Umbrella Coverage.

///

///

COMPLAINT FOR DECLARATORY RELIEF - 14

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

53.

The CGL Coverage in the Package Policy includes an Employer's Liability Exclusion that states:

**2. Exclusions**

This insurance does not apply to:
…
e. Employer's Liability

"Bodily Injury" to:

(1) An "employee" of the Insured arising out of and in the course of:

(a) Employment by the insured; or

(b) performing duties related to the conduct of the insurance business; or

(2) the spouse, child, parent, brother or sister of that "employee" as a consequence of paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the Insured under an "insured contract."

Ex. 1, p. 179.

54.

The Employer's Liability Exclusion is modified and supplemented by the Washington Changes endorsement, which states:

Exclusion **e.** of Coverage A - Bodily Injury and Property Damage Liability (Section I – Coverages) applies only to "bodily injury" to any "employee" of the insured whose employment is not subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51). With respect to the "bodily injury" to "employees" of the insured whose employment is subject to the Industrial Insurance Act of Washington, Exclusion e. is replaced with the following:

This insurance does not apply to:
1. "Bodily injury" to an "employee" of the insured arising out of and in the course of:

COMPLAINT FOR DECLARATORY RELIEF - 15

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

a. Employment by the insured; or

b.  Performing duties related to the conduct of the insured's business; or

2.  Any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under any "insured contract."

Ex. 1, p. 194.

55.

The CGL Coverage in the Package Policy adds an Employment-Related Practices Exclusion that states:

This insurance does not apply to:

"Bodily injury" to:

1.  Any person arising out of any:
    a. Refusal to employ that person; or
    b. Termination of that person's employment; or
    c. Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or

2.  The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment related practices described in paragraphs a., b. and c. above is directed.

This exclusion applies:

1.  Whether the injury-causing the event described in Paragraphs **a.**, **b.** or **c.** above occurs before employment, during employment or after employment of that person;

2.  Whether the insured may be liable as an employer or in any other capacity; and

3.  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

However, Paragraphs **1.a.** and **2.** of this exclusion do not apply if such "bodily injury" is sustained by an "employee" of the insured whose employment is

COMPLAINT FOR DECLARATORY RELIEF - 16

subject to the Industrial Insurance Act of Washington (Washington Revised Code Title 51).

Ex. 1, p. 195.

56.

The Stop Gap Liability Coverage states:

SECTION I – COVERAGES

1. INSURING AGREEMENT

Bodily injury

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury to which this insurance applies. The "bodily injury" must be caused by an occurrence to an employee of the insured. The employee's payroll must have been reported and declared under Workers Compensation Law of a state, territory or possession designated in the Declarations. The employee must have been insured in the course of employment. The employee shall not be entitled to, or must have elected not to accept, Workers Compensation benefits. This insurance applies only to "bodily injury" occurring within the policy territory and caused by:

1. An accident during the policy period, or

2. Sickness or disease caused or aggravated by exposure to conditions in the employment of the insured. The last day of the last exposure to such conditions must occur during the policy period….

Ex. 1, p. 321.

57.

The Repcik Claim does not allege "bodily injury," which is defined in the Stop Gap Liability Coverage as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time," Ex. 1, p. 325, that was "caused by:  1. An accident occurring during the policy period, or 2. Sickness or disease caused or aggravated by exposure to conditions in the employment of the insured."

///

///

///

COMPLAINT FOR DECLARATORY RELIEF - 17

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

58.

The Umbrella Liability Coverage provides excess liability coverage which sits above the CGL Coverage.  The Stop Gap Liability Coverage is not listed in the Schedule of Underlying Insurance.  Ex. 1, pp. 344-346.

59.

The Umbrella Liability Coverage includes "follow form" endorsements providing that the Umbrella Liability Coverage above the CGL Coverage and any Stop Gap Liability Coverage shall be no broader than the underlying coverage, as follows:

> The Commercial General Liability insurance provided will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance unless otherwise directed by this policy, or an endorsement to this policy.
>
> To the extent that such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

Ex. 1, p. 386.

> This Employers' Liability (Stop Gap) insurance will follow the same provisions, exclusions and limitations that are contained in the applicable "underlying insurance" shown in the Schedule of Underlying Insurance unless otherwise directed by this policy, or an endorsement to this policy.
>
> To the extent such provisions differ or conflict, the provisions of this policy will apply. However, the coverage provided under this policy will not be broader than that provided by the applicable "underlying insurance."

Ex. 1, p. 380.

60.

The Umbrella Liability Coverage also contains its own Employment-Related Practices Exclusion which bars coverage for:

> c.      **Employment Related Practices**

COMPLAINT FOR DECLARATORY RELIEF - 18

"Bodily injury" or "personal and advertising injury" to:

**(1)**   A person arising out of any:

    **(a)**   Refusal to employ that person;

    **(b)**   Termination of that person's employment; or

    **(c)**   Employment related practices, policies, acts or omissions such as discrimination, criticism, self-defamation, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or malicious prosecution directed at that person

**(2)**   The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment related practices described in Paragraphs (a), (b), or (c) above is directed.

This exclusion applies:

**(1)**   Whether the injury-causing event described in Paragraphs (a), (b) or (c) above occurs before, during or after employment of that person;

**(2)**   Whether the insured may be liable as an employer or in any other capacity; and

**(3)**   To any obligation to share damages with or to repay someone else who must pay damages because of the injury.

Ex. 1, pp. 353-54.

61.

Accordingly, and for all the reasons set forth above, but without waiving any other arguments under any other policy provisions or other authority, Philadelphia respectfully requests a declaration that no coverage is owed to SafePlace under the Package Policy for the Repcik Claim.

///

COMPLAINT FOR DECLARATORY RELIEF - 19

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

**FOURTH CLAIM FOR RELIEF**
**Declaratory Judgment – Coverage is Not Available under the FlexiPlus Five Policy for the Repcik Claim**

62.

Philadelphia re-alleges 1-27 in support of its Fourth Claim for Relief.

63.

The FlexiPlus Five Policy provides that "THIS POLICY IS WRITTEN ON A CLAIMS MADE BASIS AND COVERS ONLY THOSE CLAIMS FIRST MADE DURING THE POLICY  PERIOD AND REPORTED IN WRITING TO THE INSURER PURSUANT TO THE TERMS HEREIN." Ex. 2, p. 14.

64.

The FlexiPlus Five Policy's Insuring Agreement for the Employment Practices Liability ("EPL") coverage part provides that:

> The **Underwriter** will pay on behalf of the **Insured**, **Loss** from **Claims** made against the **Insured** during the **Policy Period** (or, if applicable, during the Extension Period, and reported to the **Underwriter** pursuant to the terms of this Policy, for an **Employment Practices Act**.

Ex. 2, p. 32.

65.

The FlexiPlus Five Policy defines "**Interrelated Wrongful Act**" to mean "any causally connected **Wrongful Act** or any series of the same, similar or related **Wrongful Acts**." Ex. 2, p. 40.

66.

The FlexiPlus Five Policy provides that:

> In the event that a **Claim** is made against the **Insured** …, the **Insured** shall, as a condition precedent to the obligations of the **Underwriter** under this Policy, give written notice of such **Claim** … to the **Underwriter** as soon as practicable after the Chief Executive Officer, Executive Director, Chief Financial Officer, Chief Operating Officer, General Counsel, Risk Manager, Human Resources Manager

COMPLAINT FOR DECLARATORY RELIEF - 20

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

or any person in an equivalent position first becomes aware of such **Claim**, but, not later than 90 days after the expiration of this Policy….

Ex. 2, p. 45.

67.

The FlexiPlus Five Policy provides that:

If during this **Policy Period** the Chief Executive Officer, Executive Director, Chief Financial Officer, Chief Operating Officer, General Counsel, Risk Manager, Human Resources Manager or any person in an equivalent position first becomes aware of any circumstances which may subsequently give rise to a **Claim** being made against any **Insured** for a specific alleged **Wrongful Act**, and as soon as practicable thereafter, but before the expiration or cancellation of this Policy, gives written notice to the **Underwriter** of the circumstances and the reasons for anticipating such a **Claim**, with full particulars as to the **Wrongful Act**, dates and persons involved, then any **Claim** which is subsequently made against the **Insured** arising out of such **Wrongful Act** will be considered made during this **Policy Period**.

Ex. 2, p. 45.

68.

The FlexiPlus Five Policy provides that:

C. All laws arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts**, or the same or related **Wrongful Violence Acts**, shall be deemed one loss on account of one claim or one **Workplace Violence Act**. Such **Claim** or **Workplace Violence Act** shall be deemed to be first made or to have first occurred when the earliest of such **Claims** or **Workplace Violence Acts** were first made or first occurred.

Ex. 2, p. 46.

69.

The FlexiPlus Five Policy is a "claims-made-and-reported" policy, meaning that, in order for coverage to apply to a particular claim, that claim must have been first made against the insured during the policy period, and the insured must report that claim to Philadelphia during the same policy period or any extend reporting period. Ex. 2, pp. 32, 54-46.

///

///

COMPLAINT FOR DECLARATORY RELIEF - 21

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

70.

The Repcik claim was first made during the September 18, 2023 to February 9, 2025 policy period, but SafePlace did not report it to Philadelphia until the February 9, 2025 to February 9, 2026 policy period.

71.

SafePlace did not report the Repcik claim to Philadelphia during the same policy period that it was first made, or any extended reporting period.

72.

The FlexiPlus Five Policy provides the following:

**XVIII.    TWO OR MORE COVERAGE PARTS OR POLICIES ISSUED BY THE UNDERWRITER**

It is the **Underwriters** stated intention that the various coverage parts or policies issued to the **Parent Organization** by the **Underwriter**, or any affiliated company, do not provide any duplication or overlap of coverage for the same **Claim** or **Workplace Violence Act**. Notwithstanding the other insurance provision, if this Policy and any other policy issued to the **Parent Organization** by the **Underwriter**, or any affiliated company, apply to the same **Wrongful Act**, **Workplace Violence Act**, professional incident, occurrence, offense, accident or **Loss**, then the maximum Limit of Liability under all such policies combined shall not exceed the highest applicable Limit of Liability under any one policy.

Ex. 2, p. 49.

73.

Accordingly, and for all the reasons set forth above, but without waiving any other arguments under any other policy provisions or other authority, Philadelphia respectfully requests a declaration that no coverage is owed to SafePlace under the FlexiPlus Five Policy for the Repcik Claim.

///

///

COMPLAINT FOR DECLARATORY RELIEF - 22

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922

**PRAYER FOR RELIEF**

WHEREFORE, Philadelphia requests judgment in its favor as follows:

1.   A declaration that Philadelphia has no duty to defend and/or indemnify SafePlace against the Triplett Lawsuit and/or the Repcik Claim;

2.   A declaration that Philadelphia may withdraw from the defense of SafePlace against the Triplet Lawsuit and/or the Repcik Claim;

3.   Or, in the alternative, if Philadelphia does have a duty to defend or indemnify SafePlace against the Triplett Lawsuit and/or the Repcik Claim, that such duty is limited consistent with the terms of policies;

4.   An award of all costs and expenses herein; and

5.   For such other relief as this court deems appropriate.

DATED this 20th Day of July, 2026.

Respectfully Submitted:

**GORDON & POLSCER, L.L.C.**

By: s/ Brian C. Hickman

Brian C. Hickman, WSBA No. 50089
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922
Email: bhickman@gordon-polscer.com

*Counsel for Plaintiff*
*Philadelphia Indemnity Insurance Company*

COMPLAINT FOR DECLARATORY RELIEF - 23

**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Rd., Suite 560
Tigard, Oregon 97223
Telephone Number: (503) 242-2922